IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEE JONES,<br><br>        Petitioner,<br><br>vs.<br><br>WARDEN DOUGLAS FENDER,<br><br>        Respondent. | CASE NO. 1:23-cv-1383<br><br>DISTRICT JUDGE<br>PATRICIA A. GAUGHAN<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Lee Jones filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. Jones is currently in custody at the Mansfield Correctional Institution serving a sentence of 30 years' imprisonment imposed by the Cuyahoga County Court of Common Pleas in *State v. Jones*, Case No. 19-643006-A. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court dismiss Jones's petition.

**Procedural background**

*Trial court proceedings*

In 2019, a Cuyahoga County grand jury indicted Jones on two counts of rape, in violation of Ohio Revised Code § 2907.02(A)(2), and one count of aggravated robbery, in violation of Ohio Revised Code § 2911.01(A)(3). Doc. 7-

1, at 4–5. The indictment alleged that Jones committed these offenses in 2001. *Id.* at 4–5.

In July 2020, Jones pleaded guilty to all three charges. *Id.* at 7. On July 27, 2020, the trial court sentenced Jones to ten years' imprisonment on each count, to be served consecutive to each other, for a total term of 30 years' imprisonment. *Id.* at 8–9. Jones did not appeal his conviction.

*Motion to withdraw guilty plea*

On February 23, 2021, Jones filed a motion under Ohio criminal rule 32.1 to withdraw his guilty plea and vacate his conviction.[1] *Id.* at 10–18. After the State filed an opposition, *id.* at 30–34, the trial court denied the motion on March 4, 2021, in a one-sentence order, *id.* at 35.

Jones filed an appeal on Monday, April 5, 2021. *Id.* at 36. In his supporting brief, he raised two assignments of error:

> 1. Trial court abused its discretion when it denied Appellant's post-sentence motion to withdraw his guilty plea (Crim. R. 32.1) in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> 2. Trial court erred when it denied Appellant's post-sentencing motion to withdraw his guilty plea without a hearing where Appellant presented

---

[1] Ohio rule of criminal procedure 32.1 provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

2

> sufficient operative facts to support the aforementioned motion.

*Id.* at 52. The State filed a brief in opposition. *Id.* at 67–74.

The Ohio court of appeals affirmed on November 4, 2021. *State v. Jones*, 2021-Ohio-3930, 2021 WL 5122024 (Ohio Ct. App. 2021). In its decision, the Court stated:

> {¶ 5} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A trial court is not required to hold a hearing on a post-sentence motion to withdraw unless the defendant supports his motion with sufficient evidence demonstrating that he would be entitled to relief. *See, e.g., State v. Sadowsky*, 8th Dist. Cuyahoga Nos. 90696 and 91796, 2009-Ohio-341, ¶ 30.
>
> {¶ 6} The defendant bears the burden of establishing the existence of "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Manifest injustice is "a clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8. We review the trial court's decision denying Jones's motion under an abuse-of-discretion standard. *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 58.
>
> {¶ 7} Jones contends that he was deprived of effective assistance of counsel prior to entering his plea and thus, did not enter a knowing, intelligent, and voluntary plea. Specifically, he states that counsel

3

advised him that if he accepted the state's offer and pleaded guilty, he "would receive no extra sentence from the time he is presently serving as the trial court would sentence [him] to a concurrent sentence, [and] therefore [he] would not have to serve * * * one extra day from the time in the other cases he [is] presently serving." When Jones was sentenced, he was already serving an aggregate prison term of 53 years in connection with 12 prior felony convictions.

{¶ 8} We find no abuse of discretion by the trial court. First, Jones's arguments are barred by res judicata. It is well recognized that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221. Consistent therewith, this court has recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised or could have been raised in a prior proceeding, including a direct appeal. *See*, *e.g.*, *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374. Accordingly, because Jones could have raised this issue in a direct appeal, his claims are now barred.

{¶ 9} Additionally, Jones cannot establish that he was prejudiced by trial counsel's alleged promises. To establish ineffective assistance of counsel, he must demonstrate that his counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that performance. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland at 694. The failure to prove either prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. *State v.*

4

> *Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.
>
> {¶ 10} Assuming for the sake of argument that trial counsel promised Jones that his sentence would run concurrent to his previous sentences, Jones cannot establish the prejudice prong of Strickland because his sentences, as a matter of law, are in fact running concurrently to his previous sentence, just as Jones wanted and just as his defense counsel allegedly promised. Pursuant to R.C. 2929.41, sentences run concurrently unless the trial court specifies otherwise or one of the exceptions listed therein applies. *See, e.g.*, *McKinney v. Haviland*, 162 Ohio St.3d 150, 2020-Ohio-4785, 164 N.E.3d 415, ¶ 7 (there is a statutory presumption of concurrent sentences for most felony offenses).
>
> {¶ 11} In this case, none of the exceptions under R.C. 2929.41 apply to Jones's sentences. And although the trial court ordered Jones's individual sentences in this case to run consecutively, the court did not order Jones's sentence in this case to run consecutively to his prior sentences. Accordingly, by operation of law, Jones is serving this 30-year sentence concurrently with his 53-year sentence from his previous convictions. Accordingly, Jones has failed to demonstrate that he was prejudiced by any alleged misinformation, and thus, cannot establish that he was denied effective assistance of counsel. No manifest injustice has been shown, and we find no error in the trial court's decision to deny Jones's motion to withdraw his plea without conducting a hearing.
>
> {¶ 12} The assignments of error are overruled.
>
> {¶ 13} Judgment affirmed.

*Id.* at *1–2.

5

Jones filed a timely notice of appeal with the Ohio Supreme Court. Doc. 7-1, at 95–96. In his memorandum in support of jurisdiction, Jones raised two propositions of law:

> 1. Trial court abused its discretion when it denied Appellant's post-sentence motion to withdraw his guilty plea (Crim. R. 32.1) in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> 2. Trial court erred when it denied Appellant's post-sentencing motion to withdraw his guilty plea without a hearing where Appellant presented sufficient operative facts to support the aforementioned motion.

*Id.* at 99. On March 1, 2022, the Ohio Supreme Court declined under Rule 7.08(B)(4) of its rules of practice to accept jurisdiction. *Id.* at 121. Jones did not seek review before the United States Supreme Court.

*Federal habeas corpus petition*

On May 30, 2023, Jones filed a federal habeas corpus petition under 28 U.S.C. § 2254.[2] Doc. 1. The Warden filed a return, Doc. 7, and Jones filed a traverse, Doc. 9.

**Law and Analysis**

*Jones's Petition is time-barred*

In his return, the Warden argues that Jones's petition is untimely. Doc. 7, at 5. I agree.

---

[2]   A petition is deemed filed when a petitioner places it the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Jones states that he placed his Petition in the prison mailing system on May 30, 2023. Doc. 1, at 15.

6

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Jones says nothing in his traverse about Respondent's argument that Jones petition is untimely and does not claim that subparagraphs (B), (C), or (D) could apply.[3]

---

[3]  To be sure, there is no apparent basis that subparagraphs (B) or (C) could apply—Jones doesn't claim that there was an impediment that prevented him from filing his petition and he does not rely on a newly recognized constitutional right. As to subparagraph (D), the basis of Jones's motion was that his counsel allegedly told Jones and his family if Jones pleaded guilty, "Jones would receive no extra sentence from the time he [was then] serving as the trial court would sentence Jones to a concurrent sentence, [and Jones] therefore … would not have to serve … one extra day from the time in the other cases he [was then] serving." Doc. 7-1, at 15; *see id*. at 17, 21–22. Assuming the

7

Under subparagraph (A), a judgment becomes final at the "conclusion of direct review or [on] the expiration of the time for seeking such review." The trial court entered its judgment on July 27, 2020. Doc. 7-1, at 8–9. From there, Jones had 30 days—until August 26, 2020—to file an appeal with the Ohio court of appeals. *See* Ohio App. R. 4(A)(1). But Jones did not file an appeal with that court. So, unless an exception applies—and Jones does claim that one does—his conviction became final on August 27, 2020. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Jones thus had until August 27, 2021, to file his habeas petition.

As noted, however, Jones filed his habeas petition on May 30, 2023, roughly 21 months too late. So unless Jones's time to file his petition was tolled, his petition is untimely.

Notably, the pendency of a "properly filed" post-conviction application can toll the one-year statute of limitation. *See* 28 U.S.C. § 2244(d)(2); *Bronaugh v. Ohio*, 235 F.3d 280, 282–83 (6th Cir. 2000). And Jones filed a motion to withdraw his guilty plea and vacate his sentence on February 23, 2021. Doc. 7-1, at 10–18. After the trial court denied the motion, Jones pursued appeals of the denial of his motion to the court of appeals and from there to the Ohio Supreme Court. *Assuming* without deciding that the pendency of this motion

---

truth of this assertion, Jones knew the basis for his claim on the day the trial court imposed its sentence. So a potential later start date under subparagraph (D) is not implicated.

8

tolled the time to file Jones's habeas petition, his petition is still untimely. Here's why.

At the point on February 23, 2021, when Jones filed his motion, 180 days had passed since his conviction became final on August 27, 2020. This left 185 days on Jones's clock—365 days minus the already elapsed 180 days. Importantly, tolling under Section 2244(d)(2) merely stops the clock; tolling does not restart the limitations clock. *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014); *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013). So, once the Ohio Supreme Court declined on March 1, 2022, to review Jones's post-conviction appeal, he had 185 days—until September 2, 2022—to file his habeas petition.[4]

Jones, however, did not file his petition until May 30, 2023. Because this date was roughly nine months after September 2, 2022, his habeas petition is untimely, even if his motion to withdraw his guilty plea tolled the one-year limitations period. The Court should thus dismiss Jones's petition.

---

[4] On direct review, the 90-day period to pursue certiorari is part of the calculation in determining when a conviction is final. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007). In postconviction appeals, by contrast, that 90-day period is not part of the tolling calculation. *Id.* at 332–333. Assuming that the pendency of Jones's motion tolled the running of the limitations period, Jones's clock thus started running again when the Ohio Supreme Court declined to review his appeal.

9

**Conclusion**

For the reasons set forth above, I recommend that Jones's Petition be denied.

*/s/James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

Dated: July 1, 2024

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).